CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:97cr00024-5 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| OBAYDA HANIFI ABED | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

On June 7, 2012,[1] Obayda Hanifi Abed, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, claiming that the Supreme Court's decision in United States v. DePierre, 131 S. Ct. 2225 (2011), applies retroactively so as to invalidate a concurrent sentence this court imposed on Abed for conspiring "to distribute cocaine, marijuana, and/or cocaine base." The court finds that Abed's § 2255 motion is unauthorized and successive and, therefore, dismisses it for lack of jurisdiction.

I.

On March 6, 1998, a jury in the Western District of Virginia found Abed guilty of being a member of a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), ("RICO"), conspiring to violate RICO, and a host of offenses arising out of his membership in the RICO enterprise, including drug trafficking and using an incendiary destructive device, a "Molotov Cocktail," during and in relation to a crime of violence (arson). The court sentenced Abed to a total term of 497 months imprisonment, consisting of 137 months on the RICO offenses and a mandatory 360-month consecutive sentence for use of the incendiary destructive device to commit arson. The court also imposed a

---

[1] Because he delivered the motion on June 7, 2012, to prison authorities for delivery to the court it is deemed filed on that date.

210-month concurrent sentence for Abed's drug trafficking conviction.[2] Abed appealed and the United States Court of Appeals for the Fourth Circuit affirmed. Following the denial of certiorari by the Supreme Court of the United States, Abed filed a § 2255 motion in 2001. See Civil Action No. 7:01cv355. This court denied his motion and the Court of Appeals affirmed. On June 8, 2010, Abed filed a "motion for relief in the nature of a writ of *error audita querela* (sic), *coram nobis*, and/or relief from judgment (i.e. from prior § 2255 denial) pursuant to Federal Rules of Civil Procedure Rule 60(b)" which the court construed and dismissed as a successive § 2255 motion. In his instant § 2255 motion, Abed argues that in light of DePierre v. United States, 131 S. Ct. 2225 (2011), "there is a significant risk that he stands convicted of an act that the law does not make criminal" or that he "faces a punishment that the law cannot impose upon him."

## II.

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to § 2255, in the court where he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir.2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains specific certification from the Court of Appeals to pursue a second § 2255. See 28 U.S.C. § 2255(h). The Court of Appeals may certify a successive § 2255 motion for consideration by the district court if its claims are based on newly discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. § 2255(h). In any

---

[2] As the court explained when it rejected Abed's first § 2255 motion, the court once again notes that the concurrent sentence the court imposed on the drug trafficking conviction is immaterial to his total sentence resulting from his RICO and destructive device convictions.

2

event, a successive motion, unlike an initial motion raising retroactivity, see United States v. Thomas, 627 F.3d 534 (4th Cir. 2010), must be certified by the Court of Appeal's for the district court to consider it. Because Abed's motion is successive and Abed has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is constrained to dismiss it.[3]

### III.

For the reasons stated, the court dismisses Abed's § 2255 motion because it is successive and unauthorized.

ENTER: This June 22, 2012.

United States District Judge

---

[3] Petitioner is once again advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

3